■ In the Matter of ELIZABETH E. DIAMOND, Deceased. MILTON DIAMOND, Appellant; ELIZA RIVERA et al., Respondents.— In a proceeding by decedent's husband to obtain letters of administration, in which the decedent's brother and two sisters opposed the application, the petitioner appeals upon the facts from a decree of the Surrogate's Court, Queens County, entered March 12, 1964 upon the opinions of the court, after a nonjury trial, which denied his application; adjudged that he was not entitled to a distributive share of the decedent's estate, and appointed decedent's sister as administratrix. By order dated March 29, 1965 this court appointed Samuel S. Tripp, Esq., as Special Referee for the purpose of taking further proof upon the following issues: (1) as to whether petitioner in fact had neglected or refused to adequately provide for decedent, his wife, during her life; (2) as to whether petitioner in fact had abandoned her or whether their separation was by their mutual

acquiescence or consent; and (3) if petitioner had neglected or refused to support his wife or if petitioner had abandoned her, as to whether any legal justification existed for such conduct on his part. Pending the hearing before the Referee and the receipt of his report and the supplemental record, the determination of this appeal was held in abeyance. This court also directed that upon the filing of such report reargument of the appeal would be allowed, if requested by any party within 20 days after such filing (see 23 A D 2d 696). The report of the Referee was filed with the Clerk of this court on May 25, 1965 and copies thereof were mailed to the attorneys for the respective parties. More than 20 days have elapsed since such filing and reargument has not been requested by any party. The said report recites that a hearing was held before the Referee on May 11, 1965 at which the respective parties appeared by counsel. On the basis of the testimony adduced, the Referee has made the following findings in response to the issues delineated in the order of reference: (1) Petitioner in fact departed from and abandoned the decedent in 1947 without her consent or acquiescence. (2) Petitioner in fact neglected and refused to adequately provide for the decedent during the 16 years she lived following such abandonment. (3) There was no legal justification for the petitioner's abandonment, neglect and refusal to support his wife and the reasons assigned by him, even if true, did not warrant such conduct on his part. Decree affirmed, with one bill of costs to respondents payable by appellant. On the basis of the record on appeal as supplemented by the record consisting of the additional proof before the Special Referee, together with the report of the Special Referee, it is our opinion that the petitioner is not entitled to a distributive share of the decedent's estate (Decedent Estate Law, § 87). (For prior decision, see 23 A D 2d 696.) Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.